T.C. Summary Opinion 2003-136

UNITED STATES TAX COURT

ALVA COTTER SHELL IV, Petitioner, AND
JAMIE L. JONES, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14736-02S.              Filed September 30, 2003.

Alva Cotter Shell IV, pro se.

Jamie L. Jones, pro se.

Pamela L. Mable, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1996, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Pursuant to the provisions of section 6015, petitioner made an administrative request for relief from a 1996 Federal income tax deficiency. Respondent denied petitioner's request for relief in a final notice of determination issued on July 11, 2002. Petitioner timely filed a petition with this Court under section 6015(e) for review of respondent's determination. Intervenor, petitioner's former wife, filed a Notice of Intervention under Rule 325(b) and opposes such relief.

The sole issue for decision is whether respondent abused his discretion in denying petitioner relief from joint and several liability under section 6015(f). We hold that he did not.

Background

Some of the facts have been stipulated, and are so found. Petitioner resided in Pitts, Georgia, at the time that his petition was filed with the Court.

Petitioner and intervenor Jamie L. Jones (intervenor) were married to each other on May 19, 1990, and had one child, a son, during their marriage.

During 1996, petitioner worked as a full-time employee for the City of Cordele and as a part-time employee for Gin Co., Inc. Petitioner earned income of $13,855 and $3,206, respectively, at each job in 1996.

Intervenor worked part time at five different jobs and earned total income of $5,666 during 1996. Intervenor's earnings were deposited into the joint checking account she maintained with petitioner. Petitioner knew of intervenor's employment and earnings.

During their marriage, both petitioner and intervenor participated together in their financial matters. For example, personal and household expenses were paid by both petitioner and intervenor from their joint checking account.

Petitioner's and intervenor's joint 1996 Federal income tax return was prepared and electronically filed by a paid income tax return preparer. Prior to meeting with their return preparer, petitioner and intervenor discussed not reporting all of intervenor's income in order to qualify for a greater earned income credit. Therefore, petitioner and intervenor together met with their return preparer. The information petitioner and intervenor provided their return preparer included all of petitioner's 1996 income and $594 of intervenor's 1996 income. Both petitioner and intervenor knew that $5,072 of intervenor's income was not reported on their 1996 return. Petitioner and intervenor received a refund of their 1996 taxes in the amount of $2,267, more than half of which was attributable to the earned income credit.

Petitioner and intervenor separated in September 1997 and were divorced on February 9, 1998. Petitioner was awarded custody of their son, and intervenor was allowed visitation rights. The divorce decree made no provision for any joint liabilities, including any Federal income tax liabilities.

On February 26, 1999, respondent sent both petitioner and intervenor a notice of deficiency determining a deficiency in their 1996 Federal income taxes in the amount of $1,564. The deficiency was based on intervenor's unreported income and the disallowance of most of the claimed earned income credit.

Neither petitioner nor intervenor filed a petition with the Court to contest their 1996 tax deficiency.

On March 4, 1999, petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief, requesting section 6015 relief. On April 7, 2000, respondent sent a letter to petitioner requesting that he complete a questionnaire to assist in respondent's determination. Petitioner did not respond to the questionnaire or otherwise provide respondent with any of his financial information.

On July 11, 2002, respondent issued a notice of final determination advising petitioner that he was not entitled to relief under section 6015.

At the time of trial in May 2003, petitioner was employed as an aircraft worker at Robbins Air Force Base earning an annual

base salary of approximately $40,456.  Petitioner also received $749 in monthly disability benefits from the Veterans Benefits Administration.

Discussion

As a general rule, spouses filing a joint Federal income tax return are jointly and severally liable for all taxes shown on the return or found to be owing.  Sec. 6013(d)(3); <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  However, relief from joint and several liability is available to certain taxpayers under section 6015.  There are three types of relief available under section 6015:  (1) Section 6015(b)(1) provides full or apportioned relief from joint and several liability; (2) section 6015(c) provides proportionate tax relief to divorced or separated taxpayers; and (3) section 6015(f) provides equitable relief from joint and several liability in certain circumstances if neither section 6015(b) nor (c) is available.

Petitioner concedes that he is not eligible for relief under either section 6015(b) or (c).  Petitioner has instead requested equitable relief under section 6015(f).

Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> > (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any

deficiency (or any portion of either); and

        (2) relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

We review respondent's denial of equitable relief to petitioner under an abuse of discretion standard. Cheshire v. Commissioner, 115 T.C. at 198; Butler v. Commissioner, 114 T.C. 276, 292 (2000). Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002); Jonson v. Commissioner, 118 T.C. 106, 113 (2002). Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Jonson v. Commissioner, supra at 125; Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As directed by section 6015(f), the Commissioner has prescribed procedures to be used in determining whether the requesting spouse qualifies for relief from joint and several liability under section 6015(f). These procedures are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447.[2] Where, as is the case here, the requesting spouse satisfies the threshold conditions

---

[2] As relevant herein, Rev. Proc. 2000-15, sec. 3, 2000-1 C.B. 447, 448, is applicable for any liability for tax arising on or before July 22, 1998, that was unpaid on that date.

set forth in section 4.01 of the revenue procedure,[3] section 4.03 of the revenue procedure lists several nonexclusive factors to be considered by the Commissioner in determining eligibility for equitable relief. "No single factor will be determinative of whether equitable relief will or will not be granted in any particular case. Rather, all factors will be considered and weighed appropriately." Rev. Proc. 2000-15, sec. 4.03, 2001-1 C.B. at 448.

The nonexclusive list of factors that the Commissioner will consider as weighing in favor of granting relief includes: (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse would suffer economic hardship if relief is not granted; (3) the requesting spouse was abused by the nonrequesting spouse; (4) the requesting spouse did not know or have reason to know of the items giving rise to the deficiency; (5) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability; and (6) the unpaid liability is attributable solely to the nonrequesting spouse. See Rev. Proc. 2000-15, sec. 4.03(1), 2001-1 C.B. at 448. The nonexclusive list of factors that the Commissioner will consider as weighing against granting of relief includes: (1) The item giving rise to the deficiency is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know of the item giving rise to the

---

[3] Respondent concedes that petitioner has satisfied the threshold conditions of sec. 4.01.

deficiency; (3) the requesting spouse significantly benefited (beyond normal support) from the item giving rise to the deficiency; (4) the requesting spouse will not suffer economic hardship if relief is denied; (5) the requesting spouse has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates; and (6) the requesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability.  See Rev. Proc. 2000-15, sec. 4.03(2), 2001-1 C.B. at 449.

Petitioner primarily relies on the fact that the unreported income items giving rise to the deficiency are attributable solely to his former spouse and that he would suffer economic hardship if he did not receive relief.  Respondent argues that petitioner is not eligible for relief because the negative factors in favor of not granting relief under section 6015(f) outweigh the positive factors in favor of granting relief.

Although it is clear that the unreported income was solely attributable to the earnings of intervenor, the remaining factors weigh heavily against granting petitioner equitable relief.

Petitioner admits that he knew of intervenor's employment during 1996 and that she derived income from that employment. Intervenor's unreported earnings were deposited in a joint checking account for their mutual benefit.  Petitioner and intervenor discussed not reporting a portion of her income on

their 1996 return prior to their meeting with their return preparer.  Petitioner knew that $5,072 of intervenor's earnings were not reported on their 1996 return.  Petitioner, along with intervenor, benefited from the unreported income by receiving a larger tax refund in 1996.  There was also no legal obligation pursuant to the divorce decree or other agreement for intervenor to pay the outstanding joint tax liability.

Finally, petitioner has also failed to establish that he will suffer economic hardship if equitable relief is not granted. In determining whether a requesting spouse will suffer economic hardship, the revenue procedure refers to rules similar to those provided in section 301.6343-1(b)(4), Proced. & Admin. Regs. That regulation generally provides that an individual suffers an economic hardship if the individual is unable to pay his or her reasonable basic living expenses.  See id.

Petitioner relies solely on the fact that he is a single father who receives no child support.  However, petitioner is currently employed and earns an annual base salary of $40,456. Petitioner also receives monthly disability payments of $749. Petitioner has provided no information as to his monthly expenses.  Petitioner likewise did not provide respondent with any evidence of financial hardship during respondent's decision-making process.  Thus, petitioner has failed to show that he will suffer any economic hardship if equitable relief is denied.

Based on the facts and circumstances presented in this case,

we find that the factors against equitable relief outweigh the factors in favor of equitable relief.  Accordingly, we hold that it was not an abuse of discretion by respondent to deny petitioner's claim for equitable relief under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.